## JONES *v.* PALMER.

On demurrer to a declaration upon a contract made in the state of New York, and specifying no particular place of performance, *Held*, that the Court would not take judicial cognizance of a law of New York, which, applied to the contract, would render it void ; but that the defendant, in order to avail himself of such law, must, upon a proper issue, prove it as a fact to the Court; and that, until this was done, the Court would test the validity of the contract by the laws of this state.

A, being indebted to B, transferred to him, in part payment of such indebtedness, the note of C, and endorsed on the back thereof a written guaranty of its payment. *Held*, that the guaranty was an original undertaking, founded upon a new and sufficient consideration, and therefore not within the statute of frauds.

*Held*, also, that it was not essential to the validity of the guaranty that the consideration should be expressed therein; but that the same might be proved by parol ; and this, notwithstanding the guaranty was expressed to be "for value received."

CASE certified from Eaton Circuit Court, by the Hon. CHAS. W. WHIPPLE, Presiding Judge. This was an action of assumpsit upon the defendant's guaranty of payment of a promissory note for $300, made by C. B. Dunbar, December 10, 1836, payable to the defendant or bearer, two years from the first day of May (then) next. The declaration alledged, that, on the 16th day of January, 1837, at Varysburgh, in the county of Genesee, in the state of New York, the defendant was indebted to the plaintiff in the sum of $600, and in consideration of such indebtedness, and that the plaintiff at the special instance and request of the defendant, would receive in payment, upon his said debt of $600, the said promissory note, to the amount of $300, did then and there guaranty the payment of said note, in writing on the back thereof, in the words following, to wit, " For value received I do hereby guaranty the payment of the within note to Henry

Jones or bearer. Varysburgh, Jan. 16, 1837.  *C. S. Palmer.*" To this declaration there was a general demurrer.

*Farrand & Higby,* in support of the demurrer.

*James W. Gordon* and *J. W. Burchard,* contra.

FELCH, J. delivered the opinion of the Court.

The questions raised by the demurrer in this case are, (1.) Is the agreement contained in the guaranty within the statute of frauds? (2.) Is the consideration sufficiently expressed therein?

Preliminary to the determination of these questions, it becomes necessary to inquire by what law the validity of the instrument, as affected by the statute of frauds, is governed. The defendant claims that it is the law of New York. From the declaration it appears that the guaranty set forth was made, and the consideration for it was received in New York, and that no particular place of performance was specified. No principle is better settled than that the *lex loci contractus* governs in such a case, as to the validity of the contract. If not valid in New York, it would not be enforced here. *Sherrill* v. *Hopkins,* 1 Cow. R. 103; Story's Confl. Laws, 223, 263. But, in order to avail himself of this invalidity, it is necessary that the defendant should prove to the court the law of New York, which rendered the contract invalid; and until this is proved, the court will test the validity of the instrument by the *lex fori,* the law of Michigan. *Sherrill* v. *Hopkins,* 1 Cow. R. 103; *Thomas* v. *Robinson,* 3 Wend. R. 267; *Holmes* v. *Broughton,* 10 Wend. R. 75; *Lincoln* v. *Batelle,* 6 Wend. R. 475; *Frances* v. *Ocean Insurance Co.,* 6 Cow. R. 429; Story's Confl. Laws, 257, and cases there cited. The demurrer to the declaration admits the contract to have been made in New York, but the law of that state which, it is alledged, affects its validity, not being set forth in the dec-

laration, is not admitted ; neither can it, under the demurrer, be a subject of proof before the Court.  If the defendant had intended to rely upon a supposed invalidity of the contract, depending upon some law of New York, instead of demurring, he should have pleaded to the declaration, and thus have placed himself in a position to have given evidence of it on a trial before a court and jury. Although we are aware that the law of New York differs from our own, in respect to the consideration required to be expressed in an agreement to answer for the debt or default of another, yet, under the pleadings in this case, its provisions cannot be regarded in the decision.

Is the contract declared upon within the statute of frauds?  If so, it comes within the description used in that statute, of a " special promise to answer for the debt, default, or miscarriage of another person."   The promissory note, on which the defendant's guaranty is endorsed, is the debt of C. B. Dunbar, the maker.   The guaranty is an undertaking to pay it if the maker does not.   If nothing further were disclosed in the declaration, it might well be deemed an undertaking to pay the debt of Dunbar.   But the declaration alledges that the defendant was indebted to the plaintiff, and, to satisfy such indebtedness *pro tanto,* transferred to him the note of Dunbar, his own debtor, and promised to guaranty its payment.   The consideration for such promise was the discharge by the plaintiff of a portion of the defendant's indebtedness to him.   It was in fact a promise by the defendant to pay his own debt, and not the debt of another.   The transaction gave to the plaintiff the additional security of the liability of the maker of the note, but he still retained the undertaking of the defendant to pay the debt, if the maker failed to do so.   Suppose such failure had happened, and the defendant is made to pay ; he would do nothing more than pay his own debt to his original creditor.   It would not be a

payment for the maker of the note, nor would it in any manner affect his liability thereon. Suppose, instead of transferring the note to the plaintiff with the guaranty thereon, the defendant had delivered to him certain personal property, with power to sell the same, and apply the proceeds towards the payment of the amount due him; and had at the same time given a written guaranty that the property should command the amount, by sale in six months, or, if not, that he would pay the same. This would be an original undertaking by the promisor to pay his own debt to his creditor, if the money was not obtained for the property. Yet it is difficult to see how such a case differs essentially from the one before us. In the present case, the security was the note, but the promise of the defendant was to pay the amount due from him to his creditor, if it was not received on the note when it became due. In *Leonard* v. *Vredenburgh*, 8 John. R. 29, the court say, that "if the promise to pay the debt of another be founded on a new and distinct consideration, independent of the debt, and moving between the parties to the new promise, it is not a case within the statute. It is considered in the light of a new promise." See also *Skelton* v. *Brewster*, 8 John. R. 376; *Myers* v. *Morse*, 15 Id. 425; *Gold* v. *Phillips*, 10 Id. 412; *Slingerland* v. *Morse*, 7 Id. 463; *Farley* v. *Cleveland*, 4 Cow. R. 432. In Chitty on Bills, 274, in treating upon the subject of guaranties, it is stated that, when the party himself is benefited by the transfer, it should seem that even his verbal promise would be valid; but when the engagement would be collateral, and within the meaning of the statute against frauds, it must be in writing. *Dewolf* v. *Rabaud*, 1 Pet. R. 476; *Townley* v. *Sumrall*, 2 Pet. R. 182; *Dearborn* v. *Park*, 5 Greenl. R. 81; 1 Saund. R. 211, *n.* 2. All these cases recognize the doctrine that, when the promise is made upon some new consideration sufficient in law to

support it, though it be in effect to answer for another person, it is considered an original promise, and not within the statute of frauds. The case made by the declaration is clearly of that character.

The guaranty not being within the statute of frauds, it only remains to inquire whether the consideration is sufficiently expressed therein to sustain the plaintiff's declaration. The guaranty is expressed to be "for value received," without stating what was the value received, which constituted the consideration of the undertaking. The declaration sets forth specifically what was the consideration. It shows a good cause of action, unless some rule of law forbids parol evidence of the consideration of a written promise. The case of *Wain* v. *Walters*, 5 East. R. 10, decided that the consideration must be expressed in a written agreement or promise coming within the statute of frauds. This, and the subsequent decisions to the same effect, go upon the ground merely that the statute of frauds required that the consideration should be stated in the agreement; and they impliedly admit, that, as to agreements not coming within the purview of the statute, the rule would be otherwise. *Leonard* v. *Vredenburgh*, before cited, expressly decides the point, and, in *Dewolf* v. *Rabaud*, 1 Pet. R. 476, is referred to by the Supreme Court of the United States, as settling the question in New York; the Court adding, that it seems to be a reasonable doctrine, founded in good sense and convenience, and tending rather to suppress than encourage fraud. *Nelson* v. *Dubois*, 13 John. R. 175; *Bailey* v. *Freeman*, 11 John. R. 221; *Wheelwright* v. *Moore*, 1 Hall's S. C. R. 201. The words "value received," contained in the guaranty, cannot have the effect to exclude extraneous proof of the consideration. Such proof does not contradict or vary the import of these words in the instrument. It merely shows in what the value consisted. I am not aware of

any rule of law which excludes such evidence, and the authorities above cited show clearly that it is admissible.

The declaration is sufficient, and the demurrer should be overruled; and it must be so certified to the Circuit Court.

*Demurrer overruled.*