## MORRIS C. TURNER *vs.* WM. CROSBY ET AL.

### *Elections and Voters—Residence.*

Appeal from an order of the Circuit Court for Anne Arundel County refusing to order the appellant to be registered as a qualified voter in said county. *Affirmed.*

The appellant testified that he was born in Anne Arundel County, and lived at his father's house until he was 26 years of age. He then moved to Baltimore City and for the past four years has been engaged in business as a commission merchant, residing with his wife at 754 Franklin street; that he has been housekeeping in that city for nearly two years, but goes occasionally to his father's home in the Fourth Election District of Anne Arundel County, which he claims as his home and where he has always voted. Upon cross-examination he stated that he had a fixed and permanent home, residence and business in Baltimore City, and so long as his business continued good, he intended to remain there. The Court said that the appellant, according to his own testimony, had acquired a legal residence in Baltimore City. " In the case of *Ringgold* v. *Barley*, 5 Md. 187, this Court said, that where a party has once removed to his new domicile, his purpose

to remain need not be fixed and unalterable, but if it becomes a place of fixed present domicile, it will be sufficient to fix a residence, though there may be a floating intention to return to his former place of abode at some future period.   And to the same effect are the cases of *Lancaster* v. *Herbert*, 74 Md. 334; *Thomas* v. *Warner*, 83 Md. 20. Here the appellant actually resided in Baltimore City at the time of his application for registration, and this place had become his fixed present domicile and could not be defeated by a mere floating intention to return to Anne Arundel County at some indefinite period.   But apart from this under the special provisions of the statute, section 23, Act of 1896, chap. 202, in determining whether a person is or not a resident of any voting precinct, it shall be presumed that if a person is shown not to reside at the dwelling given in the entries relating to him on the registration books, he is not a resident of the precinct, unless it should be affirmatively shown that he is such resident.   There is no affirmative proof in the record in this case to overcome this statutory presumption nor, as we have said, to establish a legal residence in Anne Arundel County."

Opinion by BRISCOE, J., filed February 18th, 1897.

*Elihu S. Riley*, for the appellant.   *Edward C. Gantt*, *State's Attorney*, for the appellees.

No. 88, October term, 1897.   Recorded in Liber J. S. F., No. 2, etc., folio 821 of "Opinions Unreported."