THE ORDINARY OF THE STATE OF NEW JERSEY v. LOUIS WOLFSON ET AL., EXECUTORS OF AARON WOLFSON, DECEASED.

Submitted July 6, 1900—Decided November 12, 1900.

1. A declaration which sets out a bond to the Ordinary by a guardian with condition for the "faithful discharge of her trust as such guardian in respect to money so paid to her, and that if she should duly account according to law for the same, then the said obligation to be void or else to be and remain in full force and effect," and which alleges a breach of such condition in that the said guardian "did not duly account according to law for said money so paid to her as such guardian but did wholly neglect and refuse and still does neglect and refuse so to do" and which concludes with the statement that "neither the said guardian nor the obligors or either of them, though often requested so to do, have paid said money or any part thereof to the plaintiff or otherwise, but have wholly neglected and refused so to do," is good.

2. When a bond is "to render a just and perfect account in writing of all sums received," if the obligor neglects to turn over, he is guilty of a breach of the condition.

3. It is no cause for demurrer to a declaration against an executor, that the said declaration does not contain an averment that proof of the claim has been filed with the executor before the commencement of the suit.

---

On demurrer to declaration.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff, *Barton B. Hutchinson.*

For the defandants, *Voorhees & Booraem.*

The opinion of the court was delivered by

FORT, J.   This is a demurrer to a declaration founded upon the bond of a guardian given to the Ordinary of the State of New Jersey.

The causes of demurrer stated are four in number; the first three are practically upon the same ground.

The declaration avers that $687.74 was paid by Daniel B. Boice, a special master, to Anna P. Perrihe, the guardian of Laura E. Perrine, a minor, appointed by the surrogate of Middlesex county, and it alleges that a bond to the Ordinary was given by the said guardian pursuant to the statute conditioned that if she should "faithfully discharge her trust as such guardian in respect to said money so paid to her and should duly account according to law for the same, then the said obligation to be void or else to be and remain in full force and effect." It is further set up in the declaration that the guardian made an account to the Orphans' Court of Middlesex county, which was allowed and proved, by which said guardian failed to charge herself with said $687.74 or any interest thereon, and that afterwards upon petition stating the facts, said account was opened by order of the Orphans' Court, after exceptions filed, and the court directed a restatement of said account, and that said guardian be charged with said $687.74, with interest thereon from February the 27th, 1889, and that said account was restated accordingly, and that said restated account has been in nowise, modified, reversed or appealed from, and the declaration then avers that the said guardian did not faithfully discharge her trust as such guardian in respect to said money so paid to her as aforesaid, but has hitherto wholly neglected and refused and still does neglect and refuse to do so, con-

trary to the tenor and effect of the condition of the said writing obligatory, &c. The declaration proceeds as follows:

"And the said plaintiff for assigning a further breach of said condition of said writing obligatory, further saith that the said Anna P. Perrine, guardian as aforesaid, did not duly account according to law for said money so paid to her as aforesaid as such guardian, but hath wholly neglected and refused and still does neglect and refuse so to do, contrary to the condition," &c., and the declaration concludes with the statement "that neither the said guardian nor the obligors or either of them, though often requested so to do, have paid said money or any part thereof to the plaintiff or otherwise, but have wholly neglected and refused so to do."

It is difficult to conceive of a pleading more specific. It clearly states the condition of the bond and alleges in fact but one breach though possibly in a double form, but the last assignment of breach is broad enough to cover the whole case.

When the condition of a bond is "to render a just and perfect account in writing of all sums received," if the obligor neglects to turn over, he is guilty of a breach of the condition. *Bache* v. *Proctor*, 1 *Doug*. 382.

There is no such confusion in the recitals of the conditions in the breaches in this case as in *Ordinary* v. *Hopler*, 36 *Atl. Rep.* 769, where this court held that the breaches were so loosely drawn that the demurrer should be sustained.

The fourth cause of demurrer is, the defendants being the executors of the obligor on the guardian's bond, that the fact that the declaration does not allege that proof of claim has been filed with them, makes it demurrable.

I do not so understand the law. The Orphans' Court act does not make that fact a bar to an action against an executor. The only bar to a suit against executors upon a claim against the estate of their testator is that found in section 70 of the Orphans' Court act, which is that which attaches upon final decree of the Orphans' Court that all creditors who have not brought in their claims pursuant to the notice required by

the statute shall be barred from any action therefor against the executor, but even that is subject to the qualification of the proviso of that section relative to after-discovered property of the testator. *Pamph. L.* 1898, *p:* 740, § 70.

The demurrer is overruled.